**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL CASUALTY CO., | ) | CASE NO.:  4:05CV2264 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **DECISION AND JUDGEMENT** |
| | ) | |
| FOUR LINKS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Defendants' Motion to Dismiss, or, in the Alternative, Stay.  Plaintiff Continental Casualty Co. ("Plaintiff") timely filed a Memorandum in Opposition to the Motion.  Thereafter, Defendants promptly filed a Reply Memorandum.  The Court has been advised, having reviewed the Motion, Opposition, Reply, pleadings and applicable law.  For reasons stated herein, Defendant's Motion to Dismiss is GRANTED.  This Order is to supplement the Order and Decision issued by this Court on March 2, 2006.  (Doc. #29)  Therefore, this action is DISMISSED

**FACTS**

On September 26, 2005, Plaintiff filed the above action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  In the Complaint, Plaintiff asks this Court to declare the rights and liabilities of the parties to a comprehensive general liability insurance policy issued by Plaintiff to Defendant Four Links.  The reason for this is due to Defendant Cynthia Stackhouse's filing of an action in Mahoning County Court of Common Pleas against Defendants Four Links, Inc., Logangate Property Management,

Logangate Builders, Inc., Donald B. Montgomery, and Ronald D. Griswold, on June 9, 2003. (Case # 03CV1927).

## ANALYSIS

Neither party disputes the procedural facts leading up to the filing of this action. As stated above, Plaintiff insured Defendant Four Links Inc. ("Four Links") for a certain number of years. Four Links developed a residential development in Canfield, Ohio. Defendants Logangate Property Management and Logangate Builders, Inc. ("Logangate Defendants") purchased a lot that was improved by Four Links. The lot was eventually sold to Defendant Cynthia Stackhouse ("Stackhouse"). Sometime thereafter, Stackhouse filed a complaint in the Mahoning County Court of Common Pleas requesting compensatory and punitive damages for alleged defects in the house constructed by the Logangate Defendants and the soil developed by Four Links. Plaintiff provided a defense to Four Links under a reservation of rights. The Logangate Defendants filed a cross-claim against Four Links seeking contribution based upon the acts or omissions of Four Links, including negligence.

The Mahoning County case remained pending for more than two years. The parties conducted extensive discovery and entered into various settlement discussions. Six (6) days before the Mahoning County case proceeded to trial, Plaintiff filed this action. The bench trial began October 2, 2005, and proceeded through October 6, 2005. The Judge in that case issued a judgment entry on October 18, 2005, finding for Stackhouse and determining that her damages were $274,062.26 with Four Links being 90% liable and the Logangate Defendants being 10% liable. By the time of trial,

Stackhouse had dismissed her claims against Four Links and the only claim that remained pending against it was the cross-claim for contribution by the Logangate Defendants.

After the state court judgment, the parties in the Mahoning County case filed several post-trial motions, including Stackhouse's motion for pre-judgment interest against the Logangate Defendants, the Logangate Defendants' motion for pre-judgment interest against Four Links, Stackhouse's motion for a new trial/request for additur, and Four Links joining in the motion for a new trial.  This Court assumes that the state court has not ruled on these post-judgment motions.

On December 29, 2005, the Logangate Defendants filed a supplemental petition under Ohio Revised Code § 3929.06 against Plaintiff seeking an order compelling it to pay the judgment rendered against Four Links.  Plaintiff filed a motion to dismiss that petition based on the action pending in this Court.

Defendants argue, in support of their Motion, the *Colorado River* abstention doctrine, that the *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800. 818-19 (1976), and this Court's discretion under the Declaratory Judgment Act, make dismissal appropriate.

I. Declaratory Judgment Act

Under the Declaratory Judgment Act, this Court has discretion as to whether it will exercise jurisdiction over the present action.  *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.,* 373 F.3d 807, 812 (6th Cir. 2004).  This discretion, however, is not unfettered. *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.,* 746 F.2d 323 (6th Cir. 1984).  The Court must apply a five-factor test in determining whether to exercise such jurisdiction:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 326.

Although a declaratory judgment would settle the controversy between the insurer and the insured, and would clarify the legal relationship between these two parties, it does nothing to settle the controversy between or clarify the relationship between the parties in the underlying action.  Additionally, Plaintiff has chosen to name not only its insured as a defendant in this action, it has also chosen to name all the other parties in the state court action.  Therefore, this action would do nothing to settle the controversy between Plaintiff and the other Defendants nor does it clarify the legal relationship between Plaintiff and the other Defendants.  Based on this, the Court finds the first two factors weigh against exercising jurisdiction.  Additionally, although filed after this action, the state court does have before it, a supplemental petition seeking an order compelling Plaintiff to pay the judgment rendered against Four Links.  It is likely that the petition was filed, not as a response to this litigation, but because the defendants in that action did not know whether or not they would be found liable until after the trial was held and a judgment had been rendered.

The Court also finds that the remaining factors weigh against exercising jurisdiction over this matter.  When looking to the third factor, the Court finds it likely that Plaintiff did file this action attempting procedural fencing or to provide an arena for a race for res judicata.  Plaintiff defended Four Links in the state action for over two years.

Plaintiff participated in extensive discovery and settlement discussions.[1]  It wasn't until the eve of trial, when it appeared that settlement was unattainable and the possibility of liability existed, that Plaintiff filed this action requesting a declaration of their obligations under the insurance contract.  Plaintiff could anticipate that if Four Links was found to be at fault, along with the Logangate Defendants, a petition would be filed in the state court seeking an order compelling Plaintiff to pay the judgment rendered against Four Links under the terms of the insurance agreement.  Therefore, it appears that Plaintiff was attempting to have that issue resolved by this Court rather than allowing the state court to decide the issue, if liability was found.[2]

When looking to the fourth factor, it does appear that if this Court were to make a declaratory judgment, there would be increased friction between our federal and state courts, resulting in this Court improperly encroaching on state jurisdiction.  As this Court stated to the parties in the Case Management Conference, in order for it to rule on the underlying merits of Plaintiff's Complaint, i.e. that there is no coverage, this Court would necessary have to second guess the state court's ruling on the motion to dismiss based on the statute of limitations filed in that court.[3]  If this Court were to rule in Plaintiff's favor on that issue, there certainly would be conflict between the finding of this Court and that

---

[1] It is noted that Plaintiff did fail to appear for two scheduled mediations in the state court action.  See Defendants' Motion, exhibit E.

[2] It is additionally noted that at the Case Management Conference, when asked why Plaintiff brought this action rather than address it with the state court, Plaintiff's attorney responded that they were looking for possibly more favorable rulings from this Court.

[3] The parties informed the Court at the Case Management Conference that the defendants in the state court action had filed, but were denied, a motion to dismiss based on the statute of limitations.  Plaintiff in this action is claiming that there was no coverage when the lawsuit was started or within a reasonable time from when it and Four Links had an insurance contract.  However, it is the understanding of this Court, based on the parties' representations, that the state court found that the action was not barred by the statute of limitations because Stackhouse could not have known of the damage at the time the home was built or within the statute of limitations.  Therefore, the injury dated back to the time that the home was built.  It was at that time when Plaintiff and Four Links were parties to the insurance contract.

of the state court and would be an improper encroachment on the state court's jurisdiction.

The final factor to consider is whether there is an alternative remedy that is better or more effective.  This Court agrees that the state court is in a far better position to rule on this issue.  The state court has held a trial in this matter and currently has before it multiple post-trial motions.  That court has also made findings of fact on when the injury occurred which is relevant to whether or not Four Links was covered under Plaintiff's insurance contract.  Therefore, the state court is in a better position to make a determination on coverage.  Additionally, the state court would be substantially much more efficient at doing so because it has extensive knowledge of the facts of the case, whereas this Court would have to go back and familiarize itself with all the facts of the injury, date that it occurred, and insurance contract.

Based on a weighing of the above factors, this Court finds that it would be in the best interests of justice and the parties if it were to decline jurisdiction over this matter under the Declaratory Judgment Act.  *United States Fire Ins. Co. v. Albex Aluminum, Inc.,* 2006 WL 41185 (6th Cir. Jan. 6, 2006) (unpublished).  However, even if this Court were to find such appropriate, under the *Colorado River* abstention doctrine, this Court should abstain from hearing this action because there is a similar if not identical action pending before the state court.

II. *Colorado River* Abstention Doctrine

Under this doctrine, the Court must consider various factors in determining whether it should abstain from exercising jurisdiction over an action which is substantially similar to a pending state court action.  *Colorado River Water Conservation*

*Dist.,* 424 U.S. at 818-20; *Pritchard v. Dent Wizard Int'l.,* 275 F.Supp.2d. 903, 911 (S.D. Ohio 2003); *Romine v. Compuserve Corp.,* 160 F.3d 337, 340 (6th Cir. 1998).   The first issue that must be considered is whether the state and federal actions are truly parallel. *Romine,* 160 F.3d at 339 (citing *Crawley v. Hamilton County Comm'rs.,* 744 F.2d 28 (6th Cir. 1984)).  However, "exact parallelism is not required; it is enough if the two proceedings are substantially similar."  *Romine,* 160 F.3d at 340 (citing *Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989) (internal quotations omitted).   For the reasons stated in the previous section, this Court finds that the two actions are substantially similar because the issue of whether the insurance contract applied at the time of the injury was determined by the state court, the action is subject to a petition in the state court in which the Logangate Defendants are seeking an order compelling Plaintiff to pay the judgment rendered against Four Links under the terms of the insurance agreement and the parties to this action are identical to those in the pending state court action.

    Since it has been determined that the two actions are substantially similar or parallel, the Court must carefully balance the following factors as applied to the facts of the case, to determine whether exercising jurisdiction over the action would be appropriate:

> (1) whether the state court has assumed jurisdiction over any res or
>      property;
> (2) whether the federal forum is less convenient to the parties;
> (3) avoidance of piecemeal litigation; . . .
> (4) the order in which jurisdiction was obtained
> (5) whether the source of governing law is state or federal;
> (6) the adequacy of the state court action to protect the federal plaintiff's
>       rights;
> (7) the relative progress of the state and federal proceedings; and
> (8) the presence or absence of concurrent jurisdiction.

*Romine,* 160 F.3d at 340-41 (internal citations omitted). Although the Court discussed the application of the above factors with the parties at the Case Management Conference, a more in-depth discussion will be included below.

The first factor to consider is whether the state court has assumed jurisdiction over any res or property. Because there is no property at issue, only monetary damages were sought in the state court action, and this case deals only with a declaration of rights under an insurance policy, it is determined that the first factor is not applicable.

The second factor weighs in favor of abstention. As far as temporal proximity, all of the parties to this action and to the state court action, with the exclusion of Plaintiff, reside or have their place of business in Mahoning County. Additionally, because Plaintiff's place of business is Chicago, Illinois, it will be required to travel regardless of whether the action is held here or in state court. It is also important to note that this forum is less convenient to the parties in regards to time, as this Court would need additional time to familiarize itself with the facts in the case whereas the state court has an extensive knowledge of the case.

The third factor weighs in favor of abstention. As stated in the previous section, it appears that Plaintiff filed this action in federal court as an attempt in procedural fencing or to create a race for res judicata. It is also noted that by having this Court rule only on a the question of coverage creates piecemeal litigation because the state court has made a ruling as to the date that the injury occurred in its order on the statute of limitations issue and the state court is far more familiar with the facts surrounding this action.

The fourth factor appears to benefit the Plaintiff because it filed the case prior to the issue being placed before the state court. However, it could be argued that there was

8

no need to bring Plaintiff into the action before the state court until liability on behalf of Four Links was determined. Additionally, the parties may not have seen a need to join Plaintiff in the state court action because Plaintiff provided a defense for Four Links and participated in discovery and settlement discussions for approximately a two-year period.

The fifth factor also weighs in favor of abstention. Because this a determination of coverage under the insurance contract between Plaintiff and Four Links, clearly state contract law applies.

The sixth factor also weighs in favor of abstention. The state court can adequately protect Plaintiff's rights under the insurance contract as state law is applicable to that determination. Additionally, the state court would be a more convenient forum to protect Plaintiff's rights because if this Court were to rule on the issue, that ruling would have to be filed with the state court so that the issue could be resolved in that proceeding. If the state court were to make a determination on contractual liability, the parties would immediately be able to enforce its rights. It is also noted that under Ohio Revised Code § 3929.06, the state court has the ability to enforce payment by the Plaintiff if it is determined that coverage exists.

As far as the issue of progress in the state and federal proceedings, it could be argued that both are at the same level of progress because neither has held a hearing or made a determination on the issue of contract liability. However, the state court has had two years to become familiar with the case, has ruled on the issue of when the injury occurred in a previous order, and has held a trial on the issue of Four Link's liability. Therefore, the facts underlying this case have been extensively dealt with by the state court.

Finally, there appears to be concurrent jurisdiction.  The issue of whether Plaintiff is required to pay for Four Links' liability under the insurance contract is properly a question of state law.  Plaintiff's action is properly before this Court only on diversity and not a federal question.  Therefore, the final factor weighs in favor of abstention.

Based on the above, it is determined that even if this Court were willing to exercise jurisdiction under the Declaratory Judgment Act, it appears from a careful balancing of the above factors that meets the "exceptional circumstances" necessary to abstain from taking on jurisdiction over this action.  Therefore, Defendants' Motion to Dismiss is GRANTED.  The above action is DISMISSED.

So ordered.

Date: May 17, 2006                     _____s/ Judge John R. Adams_____
                                       JUDGE JOHN R. ADAMS
                                       UNITED STATES DISTRICT COURT